746). We therefore remit the matter to Monroe County Court to conduct a new suppression hearing and to "make findings of fact essential to the determination thereof" (CPL 710.60 [4]; *see, People v McCullough, supra*).

The court did not abuse its discretion in declining to impose sanctions upon the People based upon their failure to comply with the procedures set forth in Penal Law § 450.10 before returning the stolen wallet to complainant (*see, People v Johnson*, 262 AD2d 1004, 1005, *lv denied* 93 NY2d 1020; *People v Woodberry*, 239 AD2d 448, 448-449, *lv denied* 90 NY2d 912). Contrary to defendant's contention, the verdict is not against the weight of the evidence on the issue of identification (*see, People v Owens*, 275 AD2d 905, 906, *lv denied* 95 NY2d 937). The sentence is not unduly harsh or severe. (Appeal from Judgment of Monroe County Court, Marks, J.—Robbery, 1st Degree.) Present—Green, J. P., Pine, Hurlbutt, Kehoe and Burns, JJ.

■ In the Matter of CHRISTOPHER C., an Infant. GENESEE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; STACY C., Appellant. (Appeal No. 1.) [725 NYS2d 912] —Appeal unanimously dismissed without costs. Memorandum: Pursuant to the stipulated order suspending judgment for a six-month period, respondent waived her right to appeal with respect to any subsequent determination that she failed to comply with the conditions in the suspended judgment (*see, Matter of Department of Social Servs. [Martha R.] v Herbert R.*, 213 AD2d 636). In any event, Family Court's determination that respondent failed to comply with the conditions in the suspended judgment is supported by a preponderance of the evidence (*see, Matter of Daryl H.*, 272 AD2d 935). (Appeal from Order of Genesee County Family Court, Graney, J.—Terminate Parental Rights.) Present—Green, J. P., Pine, Hurlbutt, Kehoe and Burns, JJ.

■ In the Matter of BRITTANY G., an Infant. GENESEE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; STACY C., Appellant. (Appeal No. 2.) [725 NYS2d 912] —Appeal unanimously dismissed without costs. Same Memorandum as in *Matter of Christopher C.* (284 AD2d 944 [decided herewith]). (Appeal from Order of Genesee County Family Court, Graney, J.—Terminate Parental Rights.) Present—Green, J. P., Pine, Hurlbutt, Kehoe and Burns, JJ.

■ In the Matter of KAILA L., an Infant. GENESEE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; STACY C., Appellant. (Appeal No. 3.) [725 NYS2d 912] —Appeal unanimously

dismissed without costs. Same Memorandum as in *Matter of Christopher C.* (284 AD2d 944 [decided herewith]). (Appeal from Order of Genesee County Family Court, Graney, J.—Terminate Parental Rights.) Present—Green, J. P., Pine, Hurlbutt, Kehoe and Burns, JJ.

■ In the Matter of CAROLE TRIPI, Respondent, v KELLY STEIN-WITT, Appellant. [725 NYS2d 913] — Order unanimously affirmed without costs for reasons stated in decision at Erie County Family Court, Dillon, J. (Appeal from Order of Erie County Family Court, Dillon, J.—Custody.) Present—Green, J. P., Pine, Hurlbutt, Kehoe and Burns, JJ.

■ In the Matter of VICTOR C., an Infant. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ANGELIQUE C., Appellant. (Appeal No. 1.) [725 NYS2d 913] —Order unanimously affirmed without costs. Memorandum: Family Court's determination that respondent failed to comply with certain conditions in the suspended judgment is supported by a preponderance of the evidence (*see, Matter of Christopher C.,* 284 AD2d 944 [decided herewith]; *Matter of Daryl H.,* 272 AD2d 935). Contrary to respondent's contention, the court did not err in refusing to credit the testimony and evaluation of an addiction counselor employed by Horizon Human Services (Horizon). The counselor's conclusion that respondent was not in need of further addiction treatment was inconsistent with the extensive substance abuse history of respondent, including her history of relapses, and the fact that she was recently terminated from Horizon's substance abuse counseling program based on her lack of attendance. (Appeal from Order of Erie County Family Court, Mix, J.—Terminate Parental Rights.) Present—Green, J. P., Pine, Hurlbutt, Kehoe and Burns, JJ.

■ In the Matter of VITEAL C., an Infant. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ANGELIQUE C., Appellant. (Appeal No. 2.) [725 NYS2d 914] —Order unanimously affirmed without costs. Same Memorandum as in *Matter of Victor C.* (284 AD2d 945 [decided herewith]). (Appeal from Order of Erie County Family Court, Mix, J.—Terminate Parental Rights.) Present—Green, J. P., Pine, Hurlbutt, Kehoe and Burns, JJ.

■ In the Matter of VINCENT C., an Infant. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ANGELIQUE C., Appellant. (Appeal No. 3.) [725 NYS2d 914] —Order unanimously affirmed without costs. Same Memorandum as in *Matter of Victor C.* (284 AD2d 945 [decided herewith]). (Appeal from Order